**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

SUPASTAR WARE,

     *Plaintiff,*

v.

RYAN GALLOWAY, et al.,

     *Defendants.*

)
)
)
)
)
)
)
)
)
)
)

No. 4:25-cv-00562-JMD

## MEMORANDUM AND ORDER

On July 15, 2025, the Court granted Supastar Ware's motion for leave to proceed *in forma pauperis* and directed Ware to file an amended complaint within thirty days. The Court specifically instructed Ware that any amended complaint must be filed on the Court-provided Prisoner Civil Rights Complaint form and must comply with the Federal Rules of Civil Procedure. The Court further warned Ware that failure to comply would result in dismissal without prejudice.

As of this date, Ware has not complied with the Court's order. Although Ware has filed multiple motions, letters, and attachments since July 15, Ware has not filed an amended complaint. Ware's motion for leave to amend the complaint—filed after the Court already granted leave—is procedurally deficient. Under Local Rule 4.07, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed." Ware did not submit an amended complaint with the motion. Ware's self-represented status does not eliminate the obligation to follow court orders, the Federal Rules of Civil Procedure, or this Court's Local Rules. *Burgs v. Sissel*, 745 F.2d 526,

1

528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

The Court gave Ware clear instructions and ample opportunity for compliance. Ware nevertheless failed to file an amended complaint as ordered. Accordingly, the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

Dismissal is also warranted under 28 U.S.C. § 1915(e)(2). Even liberally construed, the operative complaint fails to state a claim upon which relief may be granted and is factually frivolous. Under § 1915, the Court has the unusual authority to look beyond the surface of the complaint and dismiss claims that rely on clearly baseless factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32−33 (1992). Here, Ware names numerous defendants but does not allege facts connecting any specific defendant to any specific act. Ware also requests $2,999,999,999,999,999 in damages and other sums that lack factual or legal basis. These allegations, combined with the absence of factual matter showing a plausible entitlement to relief, render the complaint clearly baseless under § 1915(e)(2)(B)(i)–(ii).

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice under Rule 41(b). **IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 5th day of January, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

2